**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GLEN E. VADIMSKY,**

          **Plaintiff,**

**-vs-**                                                                    **Case No.  6:05-cv-1276-Orl-19JGG**

**CITY OF MELBOURNE, a municipal corporation, and BRIAN T. DOHANEY, in his individual capacity,**

          **Defendants.**

## ORDER

      This case comes before the Court on the Motion of Plaintiff Glen E. Vadimsky to remand this case to state court or alternatively to have the state law claims remanded (Doc. No. 10-1, filed September 9, 2005).

**Background**

      On or about July 22, 2005, Plaintiff filed an action against Defendants City of Melbourne and Brian T. Dohaney, a police officer employed by the City of Melbourne, alleging injuries resulting from a purportedly unlawful arrest. (Doc. No. 4, filed on August 31, 2005).  Counts I through IV of the Complaint allege the respective state law tort claims of false arrest/false imprisonment (against Defendant City of Melbourne), malicious prosecution (against Defendant Dohaney), and battery (one Count for each Defendant).  (*Id*. at pp. 5-10).  Count V of the Complaint alleges that Defendant Dohaney violated Plaintiff's rights under color of law, thereby violating 42 U.S.C. § 1983. (Id. at 10-12).   Since the question before the Court involves the legal issue of

removal jurisdiction, the Court need not present the remaining factual allegations of Plaintiff's Complaint.

Based on the § 1983 claim, Defendant Dohaney filed a timely Notice of Removal, and the case was subsequently removed to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1343. (Doc. No. 1, filed on August 30, 2005).[1] Subsequently, Plaintiff objected to removal and sought a remand to state court. (Doc. No. 10, filed on September 9, 2005). Plaintiff argues that past Eleventh Circuit and Middle District of Florida precedent demonstrates that this case presents a situation where the combination of federal and state law claims would present a substantial risk of jury confusion and delay, and that the state law claims in question substantially predominate over the federal claims. (Doc. 10-1 at pp. 4-5).

### Standard of Review

This Court has no authority to remand a properly removed federal claim. Thus the case cannot be remanded pursuant to Plaintiff's request. *See In re City of Mobile*, 75 F.3d 605 (11th Cir. 1996). However, the Court will examine whether it should exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's claims founded on Florida state law.

After a court finds that it has the constitutional and/or statutory power to hear state law claims, the court must decide whether discretionary jurisdiction should be exercised to hear the state claims in question. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Section 1367 of Title 28, United States Code, codifies the doctrines formerly known as pendent and ancillary jurisdiction. *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1562 n.3 (11th Cir. 1994). Section

---

[1] Defendant City of Melbourne has expressly consented to the removal of the instant case to this Court. (Doc. No. 3, filed on August 30, 2005).

1367(c) lists specific circumstances in which a court may decline to exercise supplemental jurisdiction over a state law claim joined with a claim over which the court has original jurisdiction. Generally, district courts have supplemental jurisdiction over state law claims which "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A court may refuse to exercise supplemental jurisdiction if, *inter alia*, the state claim raises a "novel or complex issue" of state law, "substantially predominates over" the claim over which the Court has original jurisdiction, or if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c)(1), (2), &(4). If, after examining the factors listed in § 1367(c), the court "decides that it has the discretion . . . to decline jurisdiction . . . , it should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience, in deciding whether or not to exercise that jurisdiction." *Palmer*, 22 F.3d at 1569.

Courts considering supplemental jurisdiction have in their discretion declined to exercise jurisdiction in cases in which the state claims require different or foreign elements of proof. *See James v. Sun Glass Hut of California, Inc.*, 799 F. Supp. 1083, 1085 (D. Colo. 1992). Additionally, courts in this Circuit have hesitated to exercise pendent jurisdiction over state claims which would only serve to introduce jury confusion and delay. *See Bennett v. Southern Marine Management Co.*, 531 F. Supp. 115, 117-18 (M.D. Fla. 1982); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982), cert. denied, 464 U.S. 932 (1983). However, where the state law claims arise out of the same transaction or occurrence as the federal claim and involve the same facts, occurrences, witnesses, and evidence, exercising jurisdiction over the supplemental state law claims is within the power of the district court. *See, e.g., Palmer*, 22 F.3d at 1566. In so doing, a court ensures that all the claims

arising out of the same transactions or occurrences are tried in one forum and prevents unnecessary duplication of judicial labor.

### Analysis

After examining Plaintiff's Motion to Remand and the underlying causes of action at issue, the Court finds that it is proper for the Court to exercise jurisdiction over Plaintiff's supplemental state law claims. Plaintiff's state law claims of false arrest/false imprisonment, malicious prosecution, and battery all arise out of the same "case or controversy" and "occurrence" as his federal claim under §1983, namely, an allegedly unlawful arrest. (*See* Doc. No. 4). While all the elements of the federal and state claims are certainly not identical, the Court finds that each claim involves the same "facts, occurrences, witnesses, and evidence." *Palmer,* 22 F.3d at 1566. "This commonality is sufficient to satisfy the constitutional minimum required by section 1367(a)." *Id*.

For the foregoing reasons, jurisdiction over the Plaintiff's state law claims against Defendants City of Melbourne and Brian T. Dohaney is within the power of this Court.

### Conclusion

Based on the foregoing, Plaintiff's Motion to Remand to State Court (Doc. No. 10-1) with respect to the state law claims raised in Plaintiff's Complaint is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September ___21_____, 2004.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record